ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

H-04 4173



UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

OCT 28 2004

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| Paul Paisley, on Behalf of Himself and Others Similarly Situated, *Plaintiffs* | § § § § § | CIVIL ACTION NO. |
| vs. | § § § | |
| Lincoln Property Company, *Defendant* | § § | COLLECTIVE ACTION |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Paul Paisley ("Paisley") brings this collective action on behalf of himself and others similarly situated employees to recover unpaid overtime wages from Defendant Lincoln Property Company (hereafter referred to as "Employer").

### I.

### NATURE OF SUIT

1.  The Fair Labor Standards Act (FLSA) is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers . . ." 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA sets overtime pay, minimum wage and record keeping requirements for covered Employer. 29 U.S.C. §§ 206(a), 207(a) and 211(c).

2.  The Employer violated the FLSA when they: required employees to arrive to work early without payment; (b) failed to pay these nonexempt employees at one and one half times their regular rates of pay for hours worked in excess of forty hours per week; (c) failed to pay their employees for all hours worked; and (d) failed to keep



accurate records of hours worked by its nonexempt employees. Accordingly, Paisley brings this collective action under § 216(b) of the FLSA on behalf of himself and others similarly situated hourly employees to recover unpaid wages and overtime compensation.

## II.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b).

4. Plaintiff's claims arise under §§ 7(a)(1), 11(c), 15(a)(3) and 16(b) of the FLSA. 29 U.S.C. §§ 207(a)(1), 211(c), 215(a)(3) and 216(b). In connection with the acts and course of conduct alleged in this collective action complaint, Paisley engaged in commerce or in the production of goods for commerce. Further, Employer is an "employer" who engaged in commerce or in the production of goods for commerce and is therefore covered by the FLSA.

5. Venue is proper in this district because both Paisley and Employer are residents of this district and a substantial part of the acts and conduct charged herein occurred in this district. Further, Employer is a corporation that may be found in this district.

## III.

## THE PARTIES

6. Paisley is a resident of Houston, Texas. Paisley was an employee of Employer within the meaning of the FLSA within the relevant three-year period. Paisley's consent to this action is attached as Exhibit 1.

7. The class of similarly situated employees consists of all current and former nonexempt employees employed by Employer who were not paid at one and

one-half times their regular rates of pay for hours worked in excess of forty and/or were not paid for all hours worked. These similarly situated persons are referred to as "Members of the Class" or "the Class."

8. Lincoln Property Company ("Lincoln") directed the day-to-day activities of Paisley and the Class.

9. Employer's principal place of business is located in the Southern District of Texas, in the Houston area.

10. Defendant Lincoln Property Company may be served through their attorney for service: Brian T. Farrington, 120 West Third Street, Suite 212, Fort Worth, Texas 76102.

## IV.

## PAISLEY'S INDIVIDUAL ALLEGATIONS

### A. Employer Fail to Pay Time and One Half for All Overtime Hours

9. Paisley was a full time, non-exempt employee of Employer.

10. As a non-exempt employee, Paisley was entitled to be paid at one and one-half his "regular rate" for all hours worked over 40 in a given work week. 29 U.S.C. § 207(a).

11. Employer failed to pay Paisley for all hours worked in excess of forty hours at one and one half times his regular rate. Specifically, Employer ordered Paisley and the Class to arrive at work and perform duties prior to the regular scheduled start time. Paisley and the Class were only paid for the 40-hour schedule, however.

### B. Employer Failed to Keep Accurate Records of Time Worked

12. The FLSA requires Employer to keep accurate records of all time worked by its non-exempt employees. 29 U.S.C. § 211(c). Thus, in addition to violating the payment of wages requirements of the FLSA, Employer's failure to properly record all time worked violated the record keeping requirements of the FLSA.

### C. Employer' Illegal Actions Were and Are Willful Violations of the FLSA

13. The illegal pattern or practice on the part of Employer with respect to overtime compensation was and is in violation of the FLSA. No exemption excuses Employer from paying these employees at their overtime rates or for all hours worked. Nor have Employer made a good faith effort to comply with the FLSA. Rather, Employer knowingly, willfully or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation and the payment of wages to Paisley. Further, as set forth below, others prior and current employees were subjected to the same wrongful practice and procedure.

### D. Retaliation

14. Employer has engaged in a pattern of retaliation. Employer has contacted Paisley's present employer on multiple occasions and defamed him in an attempt to have him fired or otherwise harm him. Besides paying damages for this conduct, Employer should be enjoined from further retaliation against Paisley or the Class.

## V.

## **COLLECTIVE ACTION ALLEGATIONS**

15. Other hourly employees have been victimized by Employer' pattern, practice, and policy which is in violation of the FLSA. These hourly employees are similarly situated to Paisley because they performed similar, non-exempt job duties and were denied overtime compensation during the relevant time period. Further, many of these employees have worked with Paisley over the years and have reported that they were not paid for hours worked in excess of forty as well. Thus, from the discussions with these employees, Paisley is aware that the illegal practices or policies of Employer have been imposed on others nonexempt employees.

16. Accordingly, Employer's pattern or practice of failing to pay overtime at overtime rates and failing to keep accurate records as required by the FLSA is a generally applicable policy or practice and does not depend on the personal circumstances of the Members of the Class. Thus, Paisley's experiences are typical of the experience of the Members of the Class and collective action treatment is therefore proper.

17. All employees, regardless of their *rate* of pay, who were not paid for overtime hours are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The Class is therefore properly defined as:

> All current and former employees who were required to work prior to the scheduled start time without compensation.

> All current and former employees of Defendant who at any time during the time period of October 28, 2001 to present were not compensated for hours worked in excess of forty in any given workweek.

18. Further, Paisley has retained counsel well versed in FLSA collective action litigation that are prepared to litigate this matter vigorously on behalf of Paisley and the Members of the Class.

## VI.

## CAUSE OF ACTION: FAILURE TO PAY WAGES

18. Paisley incorporates herein by reference all allegations contained in paragraphs 1 through 17.

19. Employer's practice of failing to pay overtime compensation at one and one half the employees' regular rates for all work in excess of forty (40) hours to nonexempt employees was and is in violation of the FLSA. 29 U.S.C. § 207. Accordingly, Paisley and all those similarly situated are entitled to their overtime pay in an amount that is one and one half times their regular rates of pay.

20. Additionally, Paisley and all those similarly situated are entitled to an amount equal to all their unpaid wages as liquidated damages, as well as reasonable attorney's fees and costs of this action as provided by 29 U.S.C. 216(b).

## VIII.

## PRAYER

WHEREFORE, Paisley and all similarly situated hourly employees who join this action respectfully request this Court:

1. Authorize the issuance of notice at the earliest possible time to all Employer's employees who were employed during the three years immediately preceding the filing of this lawsuit informing them of their rights to participate in this lawsuit if they should so desire;

2. Declare that Employer has violated the overtime provisions of the FLSA as to Paisley and all those similarly situated;

3. Declare Employer's violations of the FLSA to be willful;

4. Award Paisley and all those similarly situated damages for the amount of unpaid overtime compensation subject to proof at trial;

5. Award Paisley and all those similarly situated an equal amount as liquidated damages as allowed under the FLSA;

6. Award Paisley and all those similarly situated reasonable attorney's fees, costs and expenses of this action as provided by the FLSA;

7. Enter an injunction restraining Employer from retaliating against Paisley and the members of the Class; and

8. Award such others and further relief as may be required by law.

Respectfully submitted,

_____
Howard L. Steele, Jr.
Attorney-in-Charge for Plaintiffs
State Bar No. 24002999
S.D. of Texas No. 21598

OF COUNSEL:

CALDWELL & CLINTON P.L.L.C.
1000 FIRST CITY TOWER
1001 FANNIN
HOUSTON, TEXAS 77002-2731
TELEPHONE: (713) 654-3000
TELECOPIER: (713) 654-3002

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Paul Paisley, on Behalf of Himself and Others Similarly Situated, *Plaintiffs* | § § § § | CIVIL ACTION NO:_____ |
| vs. | § § § | |
| Lincoln Property Company, *Defendants* | § § | COLLECTIVE ACTION |

# **EXHIBIT 1**

## CONSENT TO JOIN COLLECTIVE ACTION
### Fair Labor Standards Act of 1938
### 29 U.S.C. § 216(b)

Pursuant to Section 16(b) of the Fair Labor Standards Act, I hereby consent to be a party plaintiff in a collective action brought in United States District Court for the Southern District of Texas entitled *Paul Paisley, et al. v. Lincoln Property Company* to recover unpaid wages, overtime wages and other sums owing to me and to other, similarly-situated employees under the Fair Labor Standards Act [29 U.S.C. §§ 201-219], and other applicable federal and state laws. I hereby authorize Caldwell & Clinton P.L.L.C. to pursue any claims I may have, including such litigation as may be necessary, and I hereby consent, agree, and option to become a plaintiff herein and to be bound by any settlement of this action or adjudication by the Court.

| 10/28/04 | *[signature]* |
|---|---|
| Date Signed | Signature |
| | Paul Paisley |
| | Print Name |

| 11743 N Marianne Circle | Houston | Texas | 77011 |
|---|---|---|---|
| Address | City | State | Zip |

| (713) 882-4980 | hardasskicker@yahoo.com |
|---|---|
| Telephone Number | E-Mail Address |

To join the collective action for FLSA claims, you must complete this consent form, sign your name where indicated, and either file it directly with the Court or send it to plaintiffs' counsel at the following address:

Howard L. Steele, Jr.
Caldwell & Clinton P.L.L.C.
1000 First City Tower
1001 Fannin
Houston, Texas 77002
(713) 654-3000
(713) 654-3002 (fax)

ORIGINAL

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Paul Paisley, and all others similarly situated

**DEFENDANTS**
Lincoln Property Company

(b) County of Residence of First Listed Plaintiff: **Harris**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed: **Dallas**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED
OCT 28 2004

H-04-4173

(c) Attorney's (Firm Name, Address, and Telephone Number)
Howard L. Steele, Jr.
1001 Fannin, Suite 1000
Houston, Texas 77002
(713) 654-3000 (713) 654-3002(fax)

Attorneys (If Known)
Brian T. Farrington
20 West Third Street, Suite 212
Fort Worth, Texas 76102
(214) 373-0435 (817) 870-2044 (fax)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

29 USC § 201-219; FLSA Collective Action for overtime

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 10/28/04
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUN _____ APPLYING IFP _____ JUDGE _____ MAG JUDGE _____

JS 44 Reverse (Rev. 12/96)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

## Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b.) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States, are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a) Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.